**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 16, 2020

LETTER TO COUNSEL

RE:  *Larry W. v. Saul*
     Civil No. SAG-19-3089

Dear Counsel:

On October 23, 2019, Plaintiff Larry W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. I have considered the parties' cross-motions for summary judgment, supporting memoranda, and Plaintiff's reply. ECF Nos. 10, 12, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claims for DIB and SSI on October 23, 2015, and August 9, 2016, respectively, alleging onset dates of July 1, 1989, Tr. 129-33, and June 5, 1984, Tr. 138-47. His claims were denied initially and on reconsideration. Tr. 6-64, 66-67. On May 7, 2018, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff amended his alleged onset date to January 21, 2015. Tr. 26-44, 149. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-19. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "cervical and lumbar degenerative disc disease." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). He can occasionally climb ladders, ropes, and scaffolds. He can occasionally stoop, crouch, kneel, and crawl. He can frequently perform bilateral reaching and bilateral overhead reaching.

*Larry W. v. Saul*
Civil No. SAG-19-3089
November 16, 2020
Page 2

Tr. 15. The ALJ found Plaintiff did not have past relevant work. Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 18. Therefore, the ALJ concluded Plaintiff was not disabled. Tr. 18-19.

Plaintiff raises three arguments on appeal: (1) that the ALJ improperly determined the objective medical evidence did not support a finding of disability; (2) that the ALJ's consideration of the opinion evidence was flawed; and (3) that the ALJ improperly considered Plaintiff's subjective complaints. ECF No. 10. I agree the ALJ failed to adequately consider the medical record and accordingly remand. I note, however, Plaintiff amended his onset date to January 21, 2015. Tr. 26-44, 149. Plaintiff's date last insured was June 30, 1990. Tr. 14, 45, 52; *see* 20 C.F.R. § 404.130. Because Plaintiff's date last insured precedes his alleged onset date by nearly 25 years, the Court limits this remand to Plaintiff's application for SSI benefits under 42 U.S.C. § 1381 *et seq*. *See* 20 C.F.R. § 404.315(a)(1). In remanding for further explanation, I otherwise express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

ALJs must consider all evidence in the record when making disability determinations. 42 U.S.C. §§ 423(d)(5)(B), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.920(a)(3); *see* 20 C.F.R. § 416.920b. While an ALJ need not specifically reference every piece of evidence in his decision, an ALJ's "bare recital that he considered the evidence" does not discharge his duty to base his decision on substantial evidence. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014); *Arnold v. Sec. of Health, Ed., and Welfare*, 567 F.2d 258, 260 (4th Cir. 1977) ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.") (internal citation omitted) (internal quotation marks omitted).[1] Thus, remand may be appropriate for an ALJ's "failure to acknowledge…a substantial portion of the record." *See, e.g.*, *Hawkins v. Saul*, 796 F. App'x 159, 162 (4th Cir. 2019); *see also, e.g.*, *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).

Plaintiff argues the ALJ "ignored probative evidence." ECF No. 14 at 4. Substantially, Plaintiff cites to Exhibits 7F and 8F in arguing the ALJ did not consider the entire record. *See* ECF No. 10-1 at 9-11, 13, 16 (citing to Tr. 263-420, or Exhibits 7F and 8F). Plaintiff specifically alleges the ALJ's failure to consider significant portions of the medical record rendered defective the ALJ's RFC determination and assignment of weight to medical opinions. ECF Nos. 10-1 at 9-10, 14 at 5.

---

[1] The plaintiff in *Arnold* appealed an ALJ's denial of Black Lung benefits. 567 F.3d at 258. The Fourth Circuit, however, has applied *Arnold*'s substantial evidence rationales in cases arising from denials of Supplemental Security Income benefits. *See, e.g.*, *Fox v. Colvin*, 632 F. App'x 750, 754 (4th Cir. 2015); *see also, e.g.*, *Durham v. Apfel*, 225 F.3d 653 (4th Cir. 2000).

2

*Larry W. v. Saul*
Civil No. SAG-19-3089
November 16, 2020
Page 3

Defendant argues the ALJ "considered the records contained in Exhibits 7F and 8F." ECF No. 12-1 at 12. Yet, Defendant does not cite a single line in the ALJ's opinion containing analysis of either exhibit. *See* ECF No. 12-1. Instead, Defendant cites only to the ALJ's "bare" assertion that he exhibited and "considered [7F and 8F] in [his] decision" despite Plaintiff's tardy submission of the records. *Id.* (citing Tr. 12); *see Arnold*, 567 F.3d at 260. Defendant argues that the ALJ need not specifically cite every piece of medical evidence in his opinion. ECF No. 12-1 at 14 (citing *Reid*, 769 F.3d at 865). By extension, Defendant argues that the ALJ's failure to cite Exhibits 7F and 8F does not indicate a failure to consider that evidence. *Id.*; *see* Tr. 16-17. Defendant's reliance on *Reid* is misplaced because, unlike in *Reid*, here evidence contradicts the ALJ's statement that he considered the entire record.

In *Reid*, the plaintiff argued the ALJ erred because he did not consider medical records from 2004-06, during the plaintiff's alleged period of disability, and did not specifically mention objective findings supporting the plaintiff's claims. 769 F.3d at 865. The Fourth Circuit wrote that the ALJ "stated that the whole record was considered, and *absent evidence to the contrary*, [the Court] take[s] her at her word." *Id.* (emphasis added). Additionally, the Court pointed to specific instances in which the ALJ referenced the medical evidence from 2004-06, undercutting the plaintiff's argument that the ALJ failed to consider the entire record. *Id.* ("Indeed, Reid has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim.")

In contrast, here Plaintiff persuasively identifies clear evidence contradicting the ALJ's "bare" recital that he considered Exhibits 7F and 8F. *See* Tr. 12; *see also* ECF No. 10-1; *Arnold*, 567 F.2d at 260. The ALJ specifically stated, "I note from [Plaintiff's medical records] that [Plaintiff] had a normal gait…." Tr. 16. Further, the ALJ found that "[w]ithout more evidence showing deficiencies in gait and station and weakness in the lower extremities, a medium exertional level is appropriate" for Plaintiff's RFC. Tr. 16. In fact, Exhibits 7F and 8F demonstrate gait disturbance and lower extremity weakness:

> On December 22, 2015, Dr. Sann noted that Mr. Watson was 'limping on the right side of [his] body' on examination, and he had numbness (Tr. 279). On March 30, 2016, Dr. Sann noted that on examination Mr. Watson had an irregular gait, was 'limping on the right side of his body,' and had numbness (Tr. 275).On (sic) physical therapy evaluation on May 30, 2016, Mr. Watson was noted to have reduced muscle strength in his hips, knees and ankles, more so on the right side (Tr. 305). Furthermore, the record shows that Mr. Watson suffered from bunions, confirmed on x-ray to have resulted in degenerative changes of the first metatarsal and first toe bilaterally (Tr. 373), for which surgery was needed for correction (Tr. 290).

ECF No. 10-1 at 9.

Similarly, the ALJ's discussion of Dr. Hussain's medical opinion makes clear the ALJ did not consider Exhibits 7F and 8F. The ALJ wrote, "[A]ccording to the record, [Plaintiff] only first

3

*Larry W. v. Saul*
Civil No. SAG-19-3089
November 16, 2020
Page 4

saw Dr. Hussain in September 2016....I find that this opinion is not an opinion based on fact, rather than an opinion written in anticipation of a disability hearing." Tr. 17. As the Commissioner acknowledges in his Motion for Summary Judgment, Exhibit 7F contains treatment records from Dr. Hussain dating as early as 2014. *See, e.g.*, Tr. 343, 340, 338; *see* ECF No. 12-1 at 12-14. The existence of the earlier appointments casts serious doubt on the ALJ's conclusion regarding the motivation behind Dr. Hussain's opinion. *See* Tr. 17.

Plaintiff additionally points to evidence in Exhibit 7F inconsistent with the ALJ's limitation of Plaintiff's RFC to medium work. ECF No. 10-1 at 10. The ALJ found Plaintiff could "frequently perform bilateral reaching and bilateral overhead reaching." Tr. 17. The ALJ specifically wrote this determination accounted for "findings on the EMG study of radiculopathies in the upper extremity and [Plaintiff's] testimony about difficulty using his arm (sic) for reaching and reaching overhead." Tr 17. The ALJ's recitation of the evidence he considered highlights the omission of the records he did not. As Plaintiff points out, Exhibit 7F contains records from Dr. Sann, who noted Plaintiff had a limited range of motion in both shoulders, shaking of his right arm, and pain on extension and flexion. ECF No. 10-1 at 10 (citing Exhibit 7F). That exhibit also contains records from Dr. Karamyan, who noted Plaintiff had decreased muscle tone, a limited range of motion, and a bony deformity. *Id.* The ALJ's failure to acknowledge these records is particularly significant because, in finding Plaintiff could engage in medium work, the ALJ found Plaintiff could lift 50 pounds at a time and frequently lift objects weighing 25 pounds. *See* 20 C.F.R. § 416.967(c). Because the ALJ did not consider Exhibit 7F, he did not reconcile his RFC determination with evidence in the record casting doubt on Plaintiff's abilities to reach, lift, and carry the weight required for medium work.

I agree with Defendant that an ALJ's mere failure to cite a portion of the record does not necessarily infect the decision with reversible error. But here, the ALJ's decision makes clear the ALJ neither cited *nor considered* Exhibits 7F and 8F. As Defendant points out, it is the Commissioner's, and not the Court's, duty to resolve conflicts in the evidence and review the record in its entirety. ECF No. 12-1 at 4, 7. Here, the ALJ's analysis simply fell short of that mandate. Consequently, remand is warranted.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the applicable standard for disability and the ALJ's dismissal of Plaintiff's subjective complaints. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 12, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

*Larry W. v. Saul*
Civil No. SAG-19-3089
November 16, 2020
Page 5

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge