# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY W., | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-19-3089 |
| SOCIAL SECURITY ADMINISTRATION, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Larry W. has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $7,448.28. ECF 19. The Commissioner filed an opposition objecting to the amount requested, ECF 22, and Plaintiff filed a reply, ECF 23. I have comprehensively reviewed all of the supporting documents underlying Plaintiff's fee request herein, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's Petition for Attorney's Fees will be GRANTED in part and DENIED in part, and fees will be awarded in the amount of $5,000.00.

## I. BACKGROUND

Subsequent to a denial of Social Security disability benefits through the administrative appeals process, on October 23, 2019, Plaintiff petitioned this Court to review the Social Security Administration's decision to deny his claim. ECF 1. After Plaintiff's case was fully briefed, including filing of a motion for summary judgment and a reply from Plaintiff's attorney, ECF 10, 14, this Court granted Plaintiff's motion and remanded his claim to the Social Security Administration ("SSA") under Sentence Four of 42 U.S.C. § 405(g), ECF 15, 16.

On February 10, 2021, Plaintiff timely filed the instant motion for attorney's fees under the EAJA. ECF 22. One of Plaintiff's counsel, Eddy Pierre Pierre, Esq., sought $7,448.28 for 35.49 hours of work at the EAJA rate of $209.87 per hour.

II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Mr. Pierre Pierre's accounting of hours billed for work before this Court in Plaintiff's case is less than comprehensive and is sometimes incomprehensible. He exercised some billing discretion in deciding not to charge for the hours worked by a paralegal employee. However, his

bill still includes some clerical tasks which "are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). Thus, tasks such as "ECF Filing" and "Updated Database with Deadline Dates" are not properly compensable even if performed by an attorney.

I note that the documentation of the tasks completed by Mr. Pierre Pierre and the other attorney who worked on the case, Martin W. Long, is done in block form, lumping several tasks into single time entries. ECF 19-3. A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). This Court is within its discretion to reduce the fee award as a result of the improper billing entries. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, [a] court may reduce the award accordingly"); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry). I further note that the entries by Mr. Long, in particular, are implausible. On a billing statement that occasionally bills in highly precise increments such as .03 hours (by this court's calculation, representing 1.8 minutes of time), Mr. Long alleges that he worked from exactly 8 am to exactly 5 pm on one day

and exactly 9 am to exactly 6 pm the next day, without apparently taking even 1.8 minutes off to get food or drink, check email, take a phone call, or use the restroom. In addition, his billing entries do not differentiate between the time allotted to the different tasks performed, to permit this Court, for example, to assess whether the time he allotted to "legal research" comports with the amount of research used in the briefing. The entries by Mr. Pierre Pierre are similarly devoid of detail and are sometimes illogical. For example, on August 4, 2020, he billed 9.5 hours for "reviewed and edited brief" where there is no indication that any other timekeeper ever drafted a brief, and he has multiple entries for "communication with other," without any indication of what that means.

Although the total of 35.49 hours may be within the realm of hours deemed reasonable by courts in Social Security appeals, I agree with the Commissioner that this particular case is of relatively low complexity. The arguments presented here are those frequently made by appellants in these matters and the size of the appellate record is small to moderate, making it less time consuming to apply the well-known legal standards to the particular facts of this case. Nonetheless, the total requested award of $7,448.28 puts this case well above most of the recent attorney fees awarded by this Court for successful Social Security appeals in the same procedural posture, and even above one case that can only be deemed an outlier. *See Abrams v. Comm'r, Soc. Sec. Admin.*, No. DLB-20-261 (awarding $1,593.75 on May 14, 2021); *Wertz v. Comm'r, Soc. Sec. Admin.*, No. DLB-20-922 (awarding $3,778.00 on May 19, 2021); *Lewis v. Comm'r, Soc. Sec. Admin.*, No. DLB-20-1273 (awarding $2,969.76 on May 24, 2021); *Klein v. Comm'r, Soc. Sec. Admin.*, No. DLB-20-332 (awarding $4,540.00 on May 26, 2021); *Talley v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-2837 (awarding $4,450.00 on May 26, 2021); *Elliott v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-2485 (awarding $4,500.00 on May 26, 2021); *Stull v. Comm'r, Soc. Sec.*

*Admin.*, No. DLB-19-2990 (awarding $7,000.00 on June 1, 2021); *Lancaster v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-3043 (awarding $4,000.00 on June 7, 2021); *Gibson v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-3549 (awarding $4,500.00 on June 15, 2021). In light of the block billing and otherwise inadequate time entries in this case, reducing this Court's ability to review the proposed hours for reasonableness, and the discrepancy between the fees sought in this case and the EAJA fees recently awarded by this Court in similarly situated matters, the requested award will be reduced to $5,000.00, to bring the award closer to (though still significantly above) the heartland of fee awards in like cases.

III. CONCLUSION

Plaintiff's Petition for Attorney's Fees will be GRANTED IN PART and DENIED IN PART as described above. A separate order follows.

Dated: June 30, 2021   _____/s/_____
Stephanie A. Gallagher
United States District Judge